IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON V. FELT, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-461-CVE-PJC |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, a foreign Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

**JURY DEMANDED:** _X_ Yes ___ No

**I.     Summary of Claims:**

Plaintiff is bringing a claim for failure to provide COBRA election notices in violation of 29 U.S.C. § 1161, *et seq*.

   **A.     Claims to be Dismissed:** None.

**II.    Summary of Defenses:**

Due to a clerical error on its part, the Defendant, Cavalry Portfolio Services, LLC ("Cavalry") failed to cancel Plaintiff's health insurance when Cavalry terminated Plaintiff's employment in March of 2007. Since the health insurance was not canceled, however, Cavalry continued to pay Plaintiff's health insurance premiums in full without interruption. When Plaintiff filed this lawsuit and served it upon Cavalry, Cavalry discovered its clerical error. Cavalry then sent Plaintiff a COBRA letter on September 14, 2007, with a copy to Plaintiff's attorney, advising that Plaintiff had, in effect, been receiving his COBRA coverage since March 31, 2007. Cavalry also advised Plaintiff at that time that it would continue to pay Plaintiff's COBRA premium through November 1, 2007.

Cavalry contends that under the facts and circumstances of this case, Plaintiff has not been damaged at all by Cavalry's clerical error, and that Plaintiff is therefore not entitled to recover any statutory penalties, attorneys' fees, or any other monetary damages from Cavalry. Cavalry further contends that Plaintiff is not entitled to punitive damages under the applicable law, and Plaintiff's claim for punitive damages should therefore be dismissed. Further, to the extent Plaintiff is claiming any actual damages in this case, Cavalry contends that Plaintiff has failed to properly mitigate those

damages. In addition, Cavalry is entitled to a setoff or credit in the amount of $7,422.31, which represents the seven months of COBRA premiums Cavalry has paid on Plaintiff's behalf.

      A.     **Defenses to be Abandoned:** None

**III.**    **Motions Pending:** Plaintiff's Motion to Amend Complaint (filed 11/08/07, Doc. #12).

**IV.**    **Stipulations:**
      A.     **Jurisdiction Admitted:**   _X_ Yes   ___ No (If no, explain.)
      B.     **Venue Appropriate:**   _X_ Yes   ___ No (If no, explain.)
      C.     **Facts:**

            1.    Cavalry terminated Plaintiff's employment in March of 2007.

            2.    Cavalry continued to pay Plaintiff's health insurance premiums after the termination, due to an inadvertent clerical error.

            3.    Cavalry sent Plaintiff a COBRA letter on September 14, 2007 advising that Cavalry would continue to pay for Plaintiff's COBRA coverage through November 1, 2007.

      D.     **Law:** Plaintiff's claims arise under Federal law.

**V.**    **Proposed Deadlines:**
      A.     **Parties to be added by:** November 15, 2007
      B.     **Proposed discovery cutoff date:** March 1, 2008
      C.     **Fact witness lists to be exchanged by:** January 15, 2008
      D.     **Proposed Date for Expert Reports by Plaintiff and Defendant:** February 1, 2008 for Plaintiff and February 15, 2008 for Defendant.

**VI.**    **Fed. R. Civ. P. 26(f) Discovery Plan**
      A.     **Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?** No.

      B.     **When were or will initial disclosures under Rule 26(a)(1) be made?** The parties will make their initial disclosures in this case no later than November 9, 2007.

      C.     **Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?** No.

      D.     **Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?** No.

  **E.** **Proposed Number of fact and expert depositions:** Five fact witnesses and one expert witness for Plaintiff and for Defendant.

  **F.** **Is there a need for any other special discovery management orders by the Court?** No.

**VII.** **Are Dispositive Motions Anticipated? If so, describe them.** Yes, Cavalry will file a Motion for Summary Judgment on all claims asserted by Plaintiff in this lawsuit.

**VIII.** **Do All Parties Consent to Trial before the Assigned Magistrate Judge?**
  ___ Yes **(Please attach completed Trial Consent form)**
    **Trial By Magistrate Judge Requested in** _____

  _X_ No               (month/year)

**IX.** **Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**
  ___ Yes **(Please attach completed Partial Consent form)**
  _X_ No

**X.** **Settlement Plan** **(Check one)**
  **A.** _X_ **Settlement Conference Requested after** November 15, 2007
    **Describe settlement judge expertise required, if any:**
    Employment Law – with expertise in COBRA

  **B.** ___ **Private Mediation Scheduled in** _____

  **C.** ___ **Other ADR (Explain)** _____

  **D.** ___ **ADR is not appropriate in this case (Explain)** _____

  **Has a copy of the Court's ADR booklet been provided to clients as required?**
  **Defendant:** _X_ Yes ___ No
  **Plaintiff:** _X_ Yes ___ No

**XI.** **Does this case warrant special case management?** ___ Yes  _X_ No

**XII.** **Do the parties request that the Court hold a scheduling conference?** _X_ Yes  ___ No
Cavalry strongly believes that Plaintiff should not be allowed to pursue a claim for monetary damages due to the fact Plaintiff has received continuous COBRA coverage since the date of his termination. Cavalry requests the opportunity to meet with opposing counsel and the Court early in this case to discuss legal and factual issues in order to determine if this matter can be resolved on an expedited basis.

**XIII.** **Estimated trial time:** 1 – 2 days

Read and Approved by:

/s/David Blades, OBA #15187
DAVID R. BLADES, OBA #15187
ARMSTRONG & LOWE
1401 S. Cheyenne
Tulsa, OK 74119-3440
(918) 582-2500
dblades@armstronglowe.com
Attorney for Plaintiff, Jason V. Felt

/s/Jo Anne Deaton
JO ANNE DEATON, OBA# 5938
RHODES, HIERONYMUS, JONES, TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121
Phone (918) 582-1173
Facsimile (918) 592-3390
jdeaton@rhodesokla.com
Attorney for Defendant, Cavalry Portfolio Services, LLC

(*Signed by filing attorney with permission of Defendant's attorney*)